# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,  :  Case No. 3:15-cr-145
              Also Case No. 3:16-cv-327

              District Judge Thomas M. Rose
 - vs -          Magistrate Judge Michael R. Merz

MICHAEL WION,

    Defendant.  :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant Michael Wion's pro se Motion to Vacate pursuant to 28 U.S.C. § 2255 (ECF No. 18). The Motion is before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

As with all collateral attacks on criminal judgments filed at the Dayton location of court, the case has been referred to the undersigned under General Order Day 13-01.

Wion pleads one ground for relief:

1

>**Ground One:** I was not considered for a reduction of sentence pursuant to U.S.S.G. Amendment 794 U.S.S.G. § 3B1.1 in that I was less culpable than the majority of those within the universe of persons participating in similar crimes and disparity in sentencing of similar participants or defendants within the universe of persons participating in similar crimes pursuant to U.S.S.G. Amendment 794 U.S.S.G. § 3B1.1

(Motion, ECF No. 18, PageID 97.)

Defendant Michael Wion waived indictment and was charged by Information (ECF No. 2) with one count of wire fraud in violation of 18 U.S.C. § 1343 (Count One), one count of conspiracy to commit wire fraud (Count Two), and one count of willful attempt to evade federal income tax (Count Three).  By written Plea Agreement (ECF No. 3) he agreed to plead guilty to all three counts. *Id.* at ¶ 1, PageID 10.  The parties agreed that an appropriate sentence was forty-eight months imprisonment. *Id.* at ¶ 5(a), *Id.* at PageID 12.  Wion also waived his right to appeal and to collaterally attack his conviction as follows:

>**WAIVER OF APPELLATE AND COLLATERAL ATTACK RIGHTS**
>
>14. Defendant waives his right to appeal. including the appeal right conferred by 18 U.S.C. § 3742. except that Defendant retains the right to appeal if the United States files an appeal, or if the District Court imposes a sentence above the statutory maximum. Defendant waives his right to attack his conviction or sentence collaterally through a post-conviction proceeding. including proceedings under 28 U.S.C. § 2255 and 18 U.S.C. § 3582. The waivers set forth in this paragraph do not apply to claims of ineffective assistance of counsel or prosecutorial misconduct.

*Id.* at PageID 15.  Judge Rose imposed the agreed-on forty-eight month sentence, which is many years less than the statutory maximum on each count.  The above waiver provision is therefore

operative and the Motion to Vacate should be dismissed as barred by Defendant's intentional waiver of the right to file such a motion.

**Conclusion**

Pursuant to this analysis, it is respectfully recommended that the Motion to Vacate be DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

August 11, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).