# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,    :    Case No. 3:15-cr-145
                                        Related Case No. 3:16-cv-327

                                        District Judge Thomas M. Rose
- vs -                              Magistrate Judge Michael R. Merz

MICHAEL WION,

                Defendant.    :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This § 2255 proceeding is before the Court on Defendant's Objections (ECF No. 22) to the Magistrate Judge's Report and Recommendations recommending dismissal with prejudice (ECF No. 19). Judge Rose has recommitted the matter for reconsideration in light of the Objections (ECF No. 23).

Mr. Wion's sole ground for relief reads:

> **Ground One:** I was not considered for a reduction of sentence pursuant to U.S.S.G. Amendment 794 U.S.S.G. § 3B1.1 in that I was less culpable than the majority of those within the universe of persons participating in similar crimes and disparity in sentencing of similar participants or defendants within the universe of persons participating in similar crimes pursuant to U.S.S.G. Amendment 794 U.S.S.G. § 3B1.1

1

(Motion, ECF No. 18, PageID 97.)  The Report recommends dismissing the Motion because Wion waived his right to collaterally attack his conviction in his Plea Agreement.

After the Report was filed, Wion moved to amend his § 2255 Motion to add a second ground for relief, to wit, that his trial attorney provided ineffective assistance by "failing to move for a downward departure pursuant to the Safety Valve reduction in 2Dl.11 after advising that he would do so based on defendant's status as a first time offender." (Motion to Supplement, ECF No. 20, PageID 118.)  The Magistrate Judge denied the Motion to Supplement because of its futility in light of the fact that the plea in this case was pursuant to Fed. R. Crim. P. 11(c)(1)(C) for an agreed sentence of forty-eight months (Order, ECF No. 21, PageID 122).

**Objections Regarding Ground One**

As to Ground One, Wion restates his belief that he is entitled to a "downward departure pursuant to Amendment 794 U.S.S.G. 3B1.2." Amendment 794 became effective November 1, 2015, so that it was in effect when Wion was sentenced April 15, 2016.  However, the notion that Mr. Wion would receive a downward departure for his "mitigating role" as a "minor" participant in this crime, either before or after Amendment 794, is nonsensical.  Wion and his colleague Cremeens were both principals in this embezzlement scheme, each acquiring approximately a quarter of a million dollars.  Those are the only two offenders involved, and Wion was Cremeens' supervisor.  Thus there is no entitlement to a U.S.S.G. § 3B1.2 adjustment. The Magistrate Judge also notes that Wion stipulated to a two level increase in the offense level for use of sophisticated means and another two level increase because the offense involved abuse of a position of trust.

Even if there had been an entitlement to a minor role adjustment, it could not be raised in a § 2255 motion. A prisoner seeking relief under 28 U.S.C. § 2255 must allege either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003). Nonconstitutional claims not raised at trial or on direct appeal are waived for collateral review except where the errors amount to something akin to a denial of due process; mistakes in the application of the sentencing guidelines will rarely, if ever, warrant relief from the consequences of waiver. *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996).

Wion did not plead Ground One as an ineffective assistance of trial counsel claim, but may be suggesting that is what he intended when he argues in the Objections: "Every defendant has the inherent right to be fully and properly advised before taking a Stipulated Plea deal." (ECF No. 22, PageID 123.) But there can have been no ineffective assistance of trial counsel in failing to advise Wion about the possibility of a minor role adjustment because he was not and is not entitled to any such adjustment.

**Ground Two Objections**

Wion also believes he was entitled to a Safety Valve adjustment under U.S.S.G. § 2D1.11 and his lawyer was ineffective for failing advise him of that prior to his accepting the plea agreement (Objections, ECF No. 22, PageID 123). The crimes involved here are not drug offenses, so the Safety Valve does not apply.

3

**Conclusion**

Having reconsidered the matter in light of Wion's Objections, the Magistrate Judge again respectfully recommends that the § 2255 Motion be DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

August 31, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).