UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA

    Plaintiff

vs.                                                 Case No.   3:15 CR-145

MICHAEL WION,

    Defendant

_____

**ENTRY AND ORDER DENYING DEFENDANT'S MOTION TO MODIFY RESTITUTION (DOC. 35)**
_____

This matter comes before the Court on Defendant's Motion to Modify Restitution (Doc. 35), the Government's Response (Doc. 38) and Defendant's Reply (Doc. 39).

The Defendant argues that the Court failed to consider the Defendant's resources, earnings and obligations when establishing his restitution payment schedule pursuant to 18 U.S.C. Section 3664 (F)(1)(A)(2) and that he lacks the resources and earnings to pay said restitution in the foreseeable future. In light of this alleged failure, Defendant moves the Court to make these considerations and modify the Court's previous Restitution Order.

The Defendant was found guilty of wire fraud, conspiracy to commit wire fraud and attempt to evade and defeat tax on April 15, 2016. Subsequently, the Court sentenced Defendant to imprisonment for a total of 48 months on each of the three counts to run concurrently. The Court further ordered Defendant to pay a $300 mandatory special assessment and restitution in the amount of $874,434.00. Although the Court ordered restitution to be due immediately, it also provided the following special instructions regarding the balance due:

> "While incarcerated, the defendant is working in a non-UNICOR or grade 5 UNICOR job the defendant shall pay $25 per quarter toward defendant's financial obligation. If working in a Grade 1-4 UNICOR job, defendant shall pay 50% of defendant's monthly pay towards defendant's financial obligation. Any change in

this schedule shall be made only by order of this Court. In addition, defendant is to make a lump sum payment towards restitution in the amount of the sale of his mobile home within thirty (30 ) days of such sale."

The Court further specified, as follows:

"Within sixty (60) days of the commencement of the term of supervised release, the probation office shall recommend a payment schedule to the Court to satisfy any unpaid balance of the Court ordered financial obligations. The Court will enter an order establishing a schedule of payments."

Upon admission to the institution, the Defendant's Unit Team assesses his obligations and develops a financial plan to pay those obligations. 28 C.F.R. Section 545.10-11(b); P.S. 5380.08 at 7-9. The amount of each Defendant's payment is set with reference to, among other things, his monthly pay from his work assignment. 28 C.F.R. Section 545.11(b).

The Inmate Financial Responsibility Program is a voluntary program. A Defendant is free to decline to participate. The Court's order requiring that a portion of his earnings, through IFRP, if he participates, be applied to his restitution order is reasonable as he would have the means to makes some type of payment toward the restitution obligation, even if payments are only minimal.

Defendant's Motion to Modify Restitution (Doc. 35) is not well-founded and, therefore DENIED.

**IT IS SO ORDERED.**

**August 22, 2017**　　　　　　　　　　　　　　　　　　　　　　　**\*s/Thomas M. Rose**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　THOMAS M. ROSE
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE